■ ROSE WALDRON, Appellant, v. MATTHEW WARD et al., Respondents, et al., Defendants.— In an action to recover damages for personal injury, the plaintiff appeals: (1) from an order of the Supreme Court, Queens County, entered August 7, 1964, which granted the motion of defendant Matthew Ward to dismiss her "complaint" as to him for lack of prosecution; and (2) from another order of the same court (incorrectly designated as a "judgment" or as an "order and judgment") entered August 10, 1964, which granted the cross motion of the defendant Marie Doherty for the same relief as to her, based on the plaintiff's failure to serve and file a note of issue (CPLR 3216). Order of August 7, 1964 modified by amending its first decretal paragraph (which grants the defendant Ward's motion and directs severance and dismissal of the "complaint" as to said defendant) so as to substitute the word "action" for the word "complaint" in said paragraph. As so modified, the order is affirmed, without costs. Order of August 10, 1964 reversed, with $10 costs and disbursements to plaintiff payable by defendant Doherty, and said defendant's cross motion denied. Although the defendant Matthew Ward moved to dismiss the complaint for lack of prosecution, his motion, as both parties recognized, was in fact one to dismiss the action for failure to serve a complaint (CPLR 3012, subd. [b]), to which the recent amendment of CPLR 3216 (L. 1964, ch. 974) has no express application. On such a motion a plaintiff must still establish a

reasonable excuse or justification for his delay (*Greenwald* v. *Zyvith,* 23 A D 2d 201). Here, for some 40 months nothing was done by the plaintiff after the service of the summons upon Ward, and no excuse or justification was shown for the failure to serve the complaint upon him and to proceed with the action. The defendant Marie Doherty's motion was to dismiss the complaint as to her pursuant to CPLR 3216 on the ground that plaintiff had failed to serve and file a note of issue. In our opinion, this defendant failed to demonstrate an unjustified delay in the prosecution of the action as against her. Moreover, in view of the merit to plaintiff's cause of action, recognition should be given to the intent of the Legislature as expressed in its amendment of CPLR 3216, effective September 1, 1964 (*Gilligan* v. *Farmers Coop. Marketing Assn.,* 23 A D 2d 850; *Dooley* v. *Gray,* 22 A D 2d 791). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.